# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10079
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTHONY ALEXANDER FERRARI,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-122-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Anthony Alexander Ferrari appeals his sentence for his guilty-plea conviction for possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Ferrari challenges the standard condition of his supervised release mandating he "permit a probation officer to visit [Ferrari] at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer". Ferrari asserts:

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the condition allowing a probation officer to visit him at any time and place is substantively unreasonable, constitutionally overbroad, and a greater deprivation of liberty than reasonably necessary; and the court failed to explain its reasons for imposing the condition.

As Ferrari concedes, he did not raise these issues in district court; therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Ferrari must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the, fairness, integrity or public reputation of judicial proceedings". *Id.*

Our court has not addressed the constitutionality or substantive reasonableness of the challenged standard condition or whether a district court must explain its reasons for imposing a standard condition of supervised release.  As the Government contends, and Ferrari concedes, other circuits have reached varying results.  Therefore, even assuming error, it is not clear or obvious.  *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007) ("Because this circuit's law remains unsettled and the other federal circuits have reached divergent conclusions on this issue . . . [defendant] cannot satisfy the second prong of the plain error test—that the error be clear under existing law".) (citation omitted).

AFFIRMED.